JUDGE PAULEY

# 14 CV 5280

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

THE GREAT ATLANTIC & PACIFIC TEA
COMPANY, INC.

                     Plaintiff,

  -against-

LIVE BETTER BRANDS, LLC.; JOHN DOES 1-10
and XYZ CORPORATIONS 1-10,

                     Defendants.

-------------------------------------------------------------- x

Civil Action No.

**COMPLAINT**

RECEIVED
JUL 15 2014
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, The Great Atlantic & Pacific Tea Company, Inc. ("Plaintiff" or "A & P"),

by and through its undersigned counsel, as and for its Complaint, alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Trademark Act of 1946, 15 U.S.C. §1051, *et. seq.*

as amended (the "Lanham Act") to which is appended a related claim under New York law..

This Court has original jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a) and

15 U.S.C. §§1121, 1125 and 1116.

2.      This Court has personal jurisdiction over the Defendants in that the Defendants

reside and/or do business and/or transact business in the State of New York and in this

District or can be found in this District.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 1391(c) in

that Defendants reside and/or do business and/or transact business within this district and/or in

the State of New York.

## THE PARTIES

4.      Plaintiff, A & P, is a corporation organized and existing under the laws of the

State of Maryland with its principal place of business at 2 Paragon Drive, Montvale, New

Jersey,  07645.

5.       Upon information and belief, Defendant Live Better Brands, LLC is a limited

liability company organized and existing under the laws of the State of Delaware with its

principal place of business at 800 North Washington Avenue, Minneapolis, Minnesota

55401("LBB").

6.       Upon information and belief, Defendants John Does 1-10 are individuals who

reside and/or do and/or transact business in this District, and have engaged and participated

in, directly or contributorily, the unlawful acts set forth herein.  The true identities of

Defendants John Does 1-10 are not presently known to Plaintiff.  Plaintiff will amend its

complaint upon discovery of the identities of such Defendants ("John Does").

7.       Upon information and belief, Defendants XYZ Corporations 1-10 are

businesses that reside and/or do and/or transact business in this District, and have engaged and

participated in, directly or contributorily, the unlawful acts set forth herein.  The true identities

of Defendants XYZ Corporations 1-10  are not presently known to Plaintiff.  Plaintiff will

amend its complaint upon discovery of the identities of such Defendants ("XYZ Corps").

Hereinafter LBB, John Does and XYZ Corps. are sometimes combined as "Defendants."

**FACTS**

8.       Plaintiff A & P is one of the oldest and  best known supermarket chains in the

United States.  It operates numerous supermarkets under various names throughout the

Northeast United States, including such well-known names *as A&P, The Food Emporium,*

*Pathmark* and *Waldbaum's.*

9.       Among the goods and services offered by A & P are an ever expanding line of

private label goods  and services marketed under the name LIVE BETTER!.

-2-

10.     Plaintiff began offering these services and goods at least as early as January 2007. Since then, it has extensively advertised and promoted these services and goods under the mark LIVE BETTER. ("Plaintiff's Common Law Rights").

11.     Plaintiff is the owner of U.S. Registration Number 4325358 dated April 23, 2013 for the mark LIVE BETTER for "retail supermarket services."

12.     In addition, Plaintiff is the owner of the mark LIVE BETTER & Design, U.S. Registration No. 4089723 dated January 24, 2012 for a full line of personal care consumer products, namely:

> Class 3: Soap, namely, foot soap or body soap for personal cleansing; foot deodorant spray;
>
> Class 5: Eye drops; saline solution for medical and sanitary purposes; pregnancy test kits for home use; tampons; sanitary pads; panty liners; rubbing alcohol; ibuprofen for use as an oral analgesic, as children's drops or as nasal sprays; preparations for treating colds and allergy medications; anti-septic or anti-bacterial mouth wash; bandages for dressings; hydrogen peroxide for medical use and cleansing; witch hazel; epsom salts; antacids; dietary fiber caplets as an additive for food products; vitamins; aspirin; sleeping aids, namely, pills/tablets, caplets, gel-caps, and capsules; cough drops; corn pads; hand sanitizing preparations; pharmaceutical preparations for use in the removal of warts; dietary supplemental drinks; medicated anti-septic or anti-bacterial foot powder; shoe deodorizers, namely, sneaker spray;
>
> Class 10: Fever thermometers;
>
> Class 11: Water filtration pitchers sold empty;
>
> Class 21: Dental floss; dental tape; disposable latex gloves for general use; and
>
> Class 25: Foot care devices in the nature of insoles, namely, gel insoles, bamboo insoles, foam insoles, ball-of-foot insoles, heel liner inserts, odor-stopper insoles, open-style insoles.

13.     Plaintiff is also the owner of two U.S. Trademark Registrations for the mark LIVE BETTER WELLNESS CLUB and LIVE BETTER WELLNESS CLUB & Design, Registration numbers 3452346 dated June 24, 2008, and 3491210 dated August 26, 2008 respectively. (Plaintiff's Common Law Rights, its LIVE BETTER Trademarks and its LIVE BETTER WELLNESS CLUB Trademarks Registrations are referred to hereinafter combined

-3-

as the "A & P LIVE BETTER Trademarks." Copies of the registration certificates for these marks are attached hereto as **Exhibit A**.)

14.     The A & P LIVE BETTER Trademark Registrations are valid, subsisting and in full force and effect.

15.     Plaintiff has extensively advertised and promoted its goods and services under the its A & P LIVE BETTER Trademarks for many years through various media including on its website located at www.aptea.com. The advertising and promotion of the LIVE BETTER goods and services has resulted in the mark acquiring tremendous goodwill and recognition among the consuming public.

16.     As a result of the long and continuous use of the A & P LIVE BETTER Trademarks, and A & P's substantial investment of time, money and effort in advertising and promoting such marks, the A & P LIVE BETTER Trademarks have developed substantial public recognition among members of the consuming public and indeed have become famous in plaintiff's trade area.

17.     As such, the A & P LIVE BETTER Trademarks operate as unique source identifiers associated with A & P and possess significant goodwill of great value to Plaintiff.

## DEFENDANTS' ACTIVITIES

18.     Upon information and belief, in 2011 Defendants incorporated in Delaware under the name "Live Better Brands, LLC". ("Infringing Trade Name"). Upon information and belief, at such time it began selling snack foods, namely pita chips under the brand "Way Better Snacks."

19.     Immediately upon learning of the Infringing Trade Name, A & P sent a cease and desist letter to Defendants' advising it expressly of its rights in and to Plaintiff's LIVE BETTER Trademarks. A copy of this letter is attached hereto as **Exhibit B**.

-4-

20.    Defendants failed to respond to this letter, and now plaintiff has learned that Defendants have recently begun manufacturing and selling and/or distributing snack foods which bear the identical trademark "Live Better" including in this District. Attached hereto as **Exhibit C** is a copy of a photograph of one such product. (Defendants' products will be hereinafter "Infringing Merchandise").

21.    In addition to the use of the identical name, the logos used on the Infringing Merchandise is strikingly similar to that used by Plaintiff, as shown below:

 

22.    Defendants have also now began using a slogan "Eat Better. Live Better. Be Better" and have filed applications to register the slogan in the United States Patent and Trademark Office therefor, namely, serial numbers 85916855 filed on April 28, 2013 for, *inter alia*, chips and crackers, based on an intent to use, and serial number 85916889, also filed on April 28, 2013 for *inter alia*, snack foods, based on an alleged date of first use in commerce of November 1, 2011. Both marks have been rejected by the PTO. ("Infringing Slogan").

23.    Defendants have performed the aforementioned acts without Plaintiff's permission or authority and without any legitimate license to manufacture, export, import, distribute, offer for sale or sell.

24.    Defendants' unlawful activities result in irreparable harm and injury to Plaintiff. Among other harms, these acts deprive Plaintiff of its absolute right to determine the manner in which its image is presented to the general public through merchandising;

-5-

deceive the public as to the origin and sponsorship of Defendants' Infringing Merchandise; wrongfully trade upon Plaintiff's reputation and exclusive rights in its trademarks and, to the extent the Infringing Merchandise is of inferior quality, lessens consumers' perception of the quality of Plaintiff's goods and services.

**COUNT I**

**FEDERAL TRADEMARK INFRINGEMENT**

25.     Plaintiff repeats and realleges paragraphs 1 through 24 of this complaint as if fully set forth herein.

26.     Notwithstanding Plaintiff's well-known and prior rights in Plaintiff's Trademarks, and being on express and constructive notice thereof, Defendants have used the Infringing Trade Name and have manufactured, and/or imported, offered for sale and sold the Infringing Merchandise and to the consuming public and/or the trade in direct competition with Plaintiff's sale of genuine LIVE BETTER merchandise and services, in or affecting interstate commerce.

27.     Defendants' use of copies or simulations of Plaintiff's Trademarks is likely to cause and is causing confusion, mistake and deception among the general purchasing public and/or the trade as to the origin of Defendants' Infringing Merchandise, and is likely to deceive the public into believing that the Infringing Merchandise being sold by Defendants originates from, is associated with or is otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

28.     Defendants aforesaid actions constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

29.     Defendants' knew or should have known of Plaintiff's LIVE BETTER Trademarks at the time it adopted and/or used the trademark and trade name "Live Better".

30.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputations.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT

31.     Plaintiff repeats and realleges paragraphs 1 through 30 of this complaint as if fully set forth herein.

32.     Notwithstanding Plaintiff's well-known and prior rights in Plaintiff's Trademarks, and being on express and constructive notice thereof, Defendants have used the Infringing Slogan in direct competition with Plaintiff's sale of genuine LIVE BETTER merchandise, in or affecting interstate commerce.

33.     Defendants' use of copies or simulations of Plaintiff's Trademarks is likely to cause and is causing confusion, mistake and deception among the general purchasing public and/or the trade as to the origin of Defendants' Infringing Merchandise using the Infringing Slogan, and is likely to deceive the public into believing that the Infringing Merchandise using the Infringing Slogan originates from, is associated with or is otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

34.     Defendants aforesaid actions constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

35.     Defendants' knew or should have known of Plaintiff's Trademarks at the time it adopted and/or used the Infringing Slogan.

36.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputations.

25897/225/1503260.1

## COUNT III

## UNFAIR COMPETITION UNDER THE LANHAM ACT

37.     Plaintiff repeats and realleges paragraphs 1 through 36 of this complaint as if fully set forth herein.

38.     The Infringing Merchandise sold by Defendants is of the same general nature and type as genuine LIVE BETTER merchandise sold by Plaintiff and, as such Defendants' use is likely to, and is certainly intended to, cause confusion to the general purchasing public.

39.     By misappropriating and using Plaintiff's LIVE BETTER Trademarks, Defendants misrepresent and falsely describe to the general public the origin and source of the Infringing Merchandise and create a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such merchandise.

40.     Upon information and belief, each Defendants' knew or should have known of Plaintiff's LIVE BETTER Trademarks at the time it adopted and/or used the Infringing Slogan and sold the Infringing Merchandise."

41.     Defendants' unlawful, unauthorized and unlicensed manufacture, offer for sale or sale of Infringing Merchandise creates the express and implied misrepresentations Infringing Merchandise was created, authorized or approved by Plaintiff.

42.     Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use, in connection with goods and services, a false designation of origin and cause said goods to enter into interstate commerce.

43.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT IV

## TRADEMARK DILUTION UNDER THE NEW YORK LAW

44.     Plaintiff repeats and realleges paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     Plaintiff's LIVE BETTER Trademarks are strong, famous, and well-known and has garnered recognition in New York and elsewhere.

46.     Defendants' use of "Live Better" and the Infringing Slogan for its Infringing Merchandise causes and is likely to cause dilution of plaintiff's rights in and to its LIVE BETTER Trademarks.

47.     The actions of Defendants cause damage to the rights of Plaintiff and constitutes trademark dilution in violation of N.Y. General Business Law § 360-1.

48.     Plaintiff has no adequate remedy at law.  The conduct of Defendants described above has caused and, if not enjoined, will continue to cause, irreparable harm to the rights of Plaintiff in Plaintiff's LIVE BETTER Trademark and the business, reputation and goodwill of Plaintiff.  Plaintiff's damages from the unlawful actions of Defendants are not yet determined.

**WHEREFORE**, Plaintiff respectfully request that this Court grant the following relief as to each of the above causes of action:

A.     Order that all merchandise, signs, wrappings, catalogs, decals or other goods or printed matter bearing Plaintiff's LIVE BETTER Trademarks or colorable imitations of same and all machinery, plates, molds, matrices or other material for producing, printing or distributing such items in the possession or control of Defendants be delivered up for destruction or other disposition at Plaintiff's sole discretion, and Defendants be ordered to notify their customers the Infringing Merchandise sold by Defendants was in no way connected with Plaintiff but was marketed as imitations of Plaintiff's products and services,

that such customers should return all Infringing Merchandise to Defendants for credit, that Defendants will give such credit in the form of cash refunds to the customers returning the Infringing Merchandise, and that the returned Infringing Merchandise shall be delivered up to Plaintiff for destruction or other disposition at Plaintiff's sole discretion; and

B.    Issue a permanent injunction prohibiting Defendants from manufacturing, exporting, importing, distributing, offering for sale or selling Infringing Merchandise and using the Infringing Slogan and ordering that all Infringing Merchandise in Defendants' possession or control and all items bearing the Infringing Slogan be delivered up to Plaintiff for destruction or other disposition at Plaintiff's sole discretion; and

C.    Issue an order enjoining Defendants from making any false descriptions or representations relating to the origin or nature of Defendants' products, including unauthorized use of Plaintiff's Trademarks or making any misrepresentations Defendants' products are genuine products of or are associated with or emanate from Plaintiff; and

D.    Grant Plaintiff an equitable accounting of Defendants' profits and award Plaintiff judgment for its damages or Defendants' profits, whichever are greater, arising from Defendants' trademark infringement, false designation of origin, unfair competition and trademark dilution, and

E.    Order that Defendants' infringing uses of "Live Better", and any other marks confusingly similar thereto be completely and permanently removed from the Infringing Websites;

F.    Order that any Infringing Domain Name(s) be identified and transferred to and turned over to A & P;

      G.      Order that the Secretary of State of Delaware cancel the registered trade name "Live Better Brands" and any d/b/a containing "Live Better" filed by Defendants;

      H.      Award Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a); and

      I.      Award Plaintiff its costs of suit incurred herein; and

      J.      Grant such further relief as this Court deems just and proper.

Dated: New York, New York
      July 14, 2014

Respectfully submitted,

COWAN LIEBOWITZ & LATMAN, P.C.

By: _____

      Arlana S. Cohen
      Thomas Kjellberg
1133 Avenue of the Americas
New York, New York 10036-6799
Tel: (212) 790-9237
Attorneys for Plaintiff

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# LIVE BETTER

**Reg. No. 4,325,358**
**Registered Apr. 23, 2013**

THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. (MARYLAND CORPORATION)
2 PARAGON DRIVE
MONTVALE, NJ 07645

**Int. Cl.: 35**

FOR: RETAIL SUPERMARKET SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-24-2007; IN COMMERCE 1-24-2007.

**SERVICE MARK**

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,452,346 AND 3,491,210.

SN 85-504,994, FILED 12-28-2011.

SEAN CROWLEY, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

***ATTENTION MADRID PROTOCOL REGISTRANTS:*** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office



*Live Better!*

**Reg. No. 4,089,723**

**Registered Jan. 24, 2012**

**Int. Cls.: 3, 5, 10, 11, 21 and 25**

**TRADEMARK**

**PRINCIPAL REGISTER**



*David J. Kappos*

Director of the United States Patent and Trademark Office

THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. (MARYLAND CORPORATION)
2 PARAGON DRIVE
MONTVALE, NJ 07645

FOR: SOAP, NAMELY, FOOT SOAP OR BODY SOAP FOR PERSONAL CLEANSING; FOOT DEODORANT SPRAY, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 8-0-2009; IN COMMERCE 8-0-2009.

FOR: EYE DROPS; SALINE SOLUTION FOR MEDICAL AND SANITARY PURPOSES; PREGNANCY TEST KITS FOR HOME USE; TAMPONS; SANITARY PADS; PANTY LINERS; RUBBING ALCOHOL; IBUPROFEN FOR USE AS AN ORAL ANALGESIC, AS CHILDREN'S DROPS OR AS NASAL SPRAYS; PREPARATIONS FOR TREATING COLDS AND ALLERGY MEDICATIONS; ANTI-SEPTIC OR ANTI-BACTERIAL MOUTH WASH; BANDAGES FOR DRESSINGS; HYDROGEN PEROXIDE FOR MEDICAL USE AND CLEANSING; WITCH HAZEL; EPSOM SALTS; ANTACIDS; DIETARY FIBER CAPLETS AS AN ADDITIVE FOR FOOD PRODUCTS; VITAMINS; ASPIRIN; SLEEPING AIDS, NAMELY, PILLS/TABLETS, CAPLETS, GEL-CAPS, AND CAPSULES; COUGH DROPS; CORN PADS; HAND SANITIZING PREPARATIONS; PHARMACEUTICAL PREPARATIONS FOR USE IN THE REMOVAL OF WARTS; DIETARY SUPPLEMENTAL DRINKS; MEDICATED ANTI-SEPTIC OR ANTI-BACTERIAL FOOT POWDER; SHOE DEODORIZERS, NAMELY, SNEAKER SPRAY, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 6-0-2009; IN COMMERCE 6-0-2009.

FOR: FEVER THERMOMETERS, IN CLASS 10 (U.S. CLS. 26, 39 AND 44).

FIRST USE 7-0-2009; IN COMMERCE 7-0-2009.

FOR: WATER FILTRATION PITCHERS SOLD EMPTY, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 6-0-2009; IN COMMERCE 6-0-2009.

FOR: DENTAL FLOSS; DENTAL TAPE; DISPOSABLE LATEX GLOVES FOR GENERAL USE, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

**Reg. No. 4,089,723**   FIRST USE 6-0-2009; IN COMMERCE 6-0-2009.

FOR: FOOT CARE DEVICES IN THE NATURE OF INSOLES, NAMELY, GEL INSOLES, BAMBOO INSOLES, FOAM INSOLES, BALL-OF-FOOT INSOLES, HEEL LINER INSERTS, ODOR-STOPPER INSOLES, OPEN-STYLE INSOLES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 8-0-2009; IN COMMERCE 8-0-2009.

OWNER OF U.S. REG. NOS. 3,452,346 AND 3,491,210.

THE MARK CONSISTS OF THE WORDS "LIVE BETTER" WITH AN EXCLAMATION POINT, SAID EXCLAMATION POINT BEING A SECTION OF A STICK FIGURE ADJACENT TO MARK WITH CURVED BAR UNDERLINE WHICH GETS THICKER FROM LEFT TO RIGHT.

SER. NO. 85-131,981, FILED 9-17-2010.

TARA PATE, EXAMINING ATTORNEY

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date).   The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.   Please check the
USPTO website for further information.   With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 3,452,346

Registered June 24, 2008

### SERVICE MARK
### PRINCIPAL REGISTER

LIVE BETTER WELLNESS CLUB

THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. (MARYLAND CORPORATION)

2 PARAGON DRIVE

MONTVALE, NJ 07645

FOR: RETAIL STORE SERVICES IN THE FIELD OF PHARMACEUTICALS FEATURING A BONUS INCENTIVE PROGRAM FOR CUSTOMERS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-24-2007; IN COMMERCE 1-24-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WELLNESS CLUB", APART FROM THE MARK AS SHOWN.

SER. NO. 77-185,924, FILED 5-21-2007.

NORA BUCHANAN WILL, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,491,210
Registered Aug. 26, 2008

### SERVICE MARK
### PRINCIPAL REGISTER



THE GREAT ATLANTIC & PACIFIC TEA COM-
PANY, INC. (MARYLAND CORPORATION)
2 PARAGON DRIVE
MONTVALE, NJ 07645

FOR: RETAIL STORE SERVICES IN THE FIELD
OF PHARMACEUTICALS FEATURING A BONUS
INCENTIVE PROGRAM FOR CUSTOMERS, IN
CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-24-2007; IN COMMERCE 1-24-2007.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "WELLNESS CLUB", APART FROM
THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS "LIVE
BETTER" IN A DISTINCTIVE FONT WITH AN
EXCLAMATION POINT. SAID EXCLAMATION
POINT BEING A SECTION OF A STICK FIGURE
ADJACENT TO MARK. THE WORDS "WELLNESS
CLUB" IN A DIFFERENT FONT BENEATH THE
WORDS "LIVE BETTER" AND A SWOOSH UNDER-
LINE BEGINNING FROM RIGHT TO LEFT.

SER. NO. 77-185,766, FILED 5-21-2007.

NORA BUCHANAN WILL, EXAMINING ATTOR-
NEY

# EXHIBIT B

# COWAN LIEBOWITZ & LATMAN

Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Arlana S. Cohen**
(212) 790-9237
asc@cll.com

February 29, 2012

**Via Fed Ex**

James Breen, Esq.
Live Better Brands, Inc.
453 River Road
Saint James, NY 11780-4201

Re:    Use of "Live Better Brands"

Dear Mr. Breen:

We represent The Great Atlantic & Pacific Tea Company, Inc. ("A&P") in intellectual property matters. Among the venerable trademarks owned by our client, A&P is the owner of the trademark "LIVE BETTER" with regard to *inter alia*, various food and drug products and services. A&P owns numerous registrations in the United States for trademarks and service marks consisting of or incorporating the mark LIVE BETTER, specifically, registration nos. 4089723, 4094111, 3452346 and 3491210. Our client has spent literally millions of dollars in creating and building the goodwill in its LIVE BETTER brand, and as such it is among the most valuable assets of our client.

It has come to our attention that you have incorporated in Delaware under the name "Live Better Brands, LLC." It is also our understanding that your company uses the corporate name "Live Better Brands, Inc.", although we have not found a corporate name filing for this.

From the information available to us, it appears you use "Way Better Snacks" and "Simply Sprouted" as trademarks- and not Live Better Brands (in fact, it appears you have expressly abandoned an application to register "Live Better Brands" as a trademark). Nevertheless, our client is concerned that you may use the corporate name "Live Better Brands" in such a way so that it comes to the attention of the public or trade and thus creates a likelihood of confusion with A&P's prior usage and registration of "Live Better."

Accordingly, we ask that your provide us with additional information regarding your current and intended use of "Live Better Brands" namely, without limitation:

29505/001/1294115

**Cowan, Liebowitz & Latman, PC**
James Breen, Esq.
February 29, 2012
Page 2

— information regarding the types of goods and/or services offered and/or intended to be offered in connection with Live Better Brands;

— information about the geographic scope of use of "Live Better Brands";

— information regarding all corporate name filings for "Live Better Brands"; and

— information concerning the types of customers products sold by "Live Better Brands" are sold to.

We also ask that you provide us with samples of any materials showing how the corporate name is used on packaging, in advertising, and on invoices to the trade, etc.

We thank you in advance for your cooperation, and we ask that you provide us with a response by March 5, 2012. Nothing herein waives any additional rights and remedies of our client, all of which are expressly reserved.

Sincerely,

Arlana S. Cohen

cc:   A&P

29505/001/1294115

# EXHIBIT C



SCAN THIS WITH YOUR SMARTPHONE
TO LEARN MORE ABOUT
**WAY BETTER SNACKS**

OR VISIT
**GoWayBetter.com**

## Live Better.
### B R A N D S

**Eat Better. Live Better. Be Better.**

A simple promise, but it's what we're all about.
Nothing makes me happier than creating great
tasting, wholesome foods to fuel my family and yours.
And we do that by remembering to always be, better.

This promise guides us to maintain a higher quality
and keeps our head above the crowd. Better is a way
of life and it's how we'll create everything at Live
Better Brands. Ok, enough serious stuff. Let's eat!

Jim Breen